UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:18-cr-160-TPB-SPF

JUAN MILTON MINOTA SALAZAR,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Juan Milton Minota Salazar's construed motion for compassionate release, filed *pro se* on December 15, 2020. (Doc. 100). On December 21, 2020, the Court directed the United States to respond to the motion. (Doc. 102). On January 15, 2021, the Government filed its response. (Doc. 105). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On January 24, 2019, Judge Elizabeth A. Kovachevich sentenced Defendant to 108 months' imprisonment after he pleaded guilty by plea agreement to conspiring to possess with the intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. 97). Defendant is currently incarcerated at Reeves County Detention Center I/II in Texas, and he is projected to be released in November 2025.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a

pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In the construed motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the Covid-19 pandemic. Specifically, Defendant suffers from medical conditions – including diabetes and a heart condition – that put him at higher risk of significant symptoms from COVID-19. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Although he has exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical

conditions.[1] Defendant is a 39-year old offender with no known prior criminal history. He has not explained how his medical conditions substantially diminish his ability to provide self-care in his correctional facility. In fact, he has provided no medical records at all.

In its response, the Government indicates that it independently reviewed Defendant's BOP medical records, which reveal that he suffers from diabetes Type-2 mellitus, hypertensive heart disease (without heart failure), and mixed hyperlipidemia. However, it appears that Defendant's conditions are being treated and managed within BOP. Moreover, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Finally, even if Defendant could establish an extraordinary or compelling

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

reason for compassionate release, the applicable section 3553(a) factors weigh strongly against granting compassionate release in this case. Defendant does not address any of the factors in the construed motion. Moreover, Defendant cannot satisfy his burden of demonstrating that he is not a danger to the community – he was sentenced as part of a venture aimed at transporting 920 kilograms of cocaine to the United States, an enormous quantity of narcotics. When the United States Coast Guard intercepted the vessel, he and his co-conspirators jettisoned the cocaine and attempted to flee. As motives for agreeing to participate in the venture, Defendant cited financial need and his family's healthcare concerns – motivations that would likely remain upon his release. In addition, at this time, he has only served approximately 30% of his below-guidelines sentence.

Consequently, Defendant's construed motion for compassionate release is hereby **DENIED**.[2]

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 4th day of February, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court does not address Defendant's other challenges to his sentence because they have not been properly presented. As the United States points out, by entering into a plea agreement, Defendant waived nearly all available grounds to challenge his sentence. In addition, 18 U.S.C. § 3582(c)(1)(A)(i) is not the appropriate vehicle to challenge the substantive or procedural reasonableness of Defendant's sentence – the compassionate release statute was not designed to supplant the direct appeals process or the statutes governing actions for collateral relief.